IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROBERT L. WAHL, JR.,                                    CV. 06-810-KI

         Petitioner,

    v.                                                OPINION AND ORDER

BRIAN BELLEQUE

         Respondent.

C. RENEE MANES
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, OR  97204

     Attorney for Petitioner

JOHN KROGER
Attorney General
LESTER HUNTSINGER
Assistant Attorney General
Oregon Department of Justice
1162 Court Street, NE
Salem, OR  97301

     Attorneys for Respondent

1 - OPINION AND ORDER

King, District Judge.

Petitioner, in custody of the Oregon Department of Corrections, brings this action pursuant to 28 U.S.C. § 2254. He challenges the legality of his 2000 state court convictions and sentencing. For the reasons set forth below, the Amended Petition for Writ of Habeas Corpus (#8) is DENIED, and this action dismissed with prejudice.

## BACKGROUND

For 11 years Petitioner lived in the basement apartment of his parent's home with his girlfriend and her daughter (hereafter L.T.). On February 7, 1999, when L.T. was 15, she had a friend, J.H., spend the night. During the evening, Petitioner allegedly touched J.H. on her inner thigh and buttocks while she modeled the jacket she was wearing. (#27, Trial Tr. Vol. 2 at 117-18.) During the night, Petitioner also allegedly entered the girls' bedroom several times, naked, and attempted to molest J.H., who sent him away. (*Id.* at 119-120.) The next morning, J.H. wrote a note to L.T. alleging Petitioner molested her, and later that day J.H. told her mother. (*Id.*) The girls were interviewed by their school counselor and law enforcement and allegations of Petitioner abusing L.T. came to light.

Petitioner was charged with Sodomy in the First Degree (Count 1), Sodomy in the Second Degree (Counts 2 and 3), and Sexual Abuse in the First Degree (Counts 4-6) relating to conduct in 1997 involving L.T., and Sexual Abuse in the Third Degree (Counts 7 and

2 - OPINION AND ORDER

8) relating to conduct involving J.H. (Respt.'s Ex. 102.) Petitioner sought to have the counts severed for trial, but his motion was denied. (Respt.'s Ex. 103, APP 5-15.)

At the time of trial, L.T. was living at the Rosemont Residential Treatment Center and was receiving medications to treat severe chronic asthma and depression.[1] (#27, Trial Tr. Vol. 2 at 161, 128.) Petitioner moved to introduce evidence of L.T.'s and J.H.'s prior sexual behavior. (Respt.'s Ex. 103, APP 17-38.) The motions were denied and, consequently, the note J.H. wrote to L.T. was redacted when introduced into evidence. (#27, Trial Tr. Vol. 2 at 130-140.)

A jury found Petitioner guilty on Counts 2, 3, 4, 5 and 6, all pertaining to L.T., but not guilty on Counts 1, 7, and 8. (Response, #24, at 3.) Petitioner was sentenced under Measure 11, Oregon's mandatory minimum sentencing statute, to concurrent 75-month terms on Counts 2, 3, 4 and 5, and on Count 6 to 30 months concurrent and 45 months consecutive to the other terms, for a total of 120 months imprisonment. (*Id.*)

Petitioner directly appealed raising three claims of trial court error. (Respt.'s Ex. 103.) The Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied

---

[1] L.T.'s mother sought treatment for her daughter who had been cutting herself since sixth grade, and was running away. (#27, Trial Tr. Vol 2 at 239.) It appears the state obtained custody of L.T. while she was at Rosemont.

3 - OPINION AND ORDER

review. (Respt.'s Exs. 107 and 106.) The appellate judgment issued March 24, 2003.

Petitioner filed for post-conviction relief ("PCR"), challenging the constitutionality of his sentence and raising claims of ineffective assistance of counsel. (Respt.'s Exs. 108 and 109.) Petitioner argued, *inter alia*, the consecutive 45-month sentence violated *Blakely v. Washington*, 542 U.S. 296 (2004), and that counsel was ineffective for failing to object to his unconstitutional sentence. (*Id*. at 3.) In support of his PCR petition, Petitioner submitted an affidavit from L.T., dated September 6, 2004, recanting her accusations of sexual abuse and alleging staff at Rosemont threatened to keep her at the facility and away from her mother if she did not testify. (Respt.'s Ex. 110.) During the PCR trial, the court opined *Blakely* did not apply to consecutive sentencing. (Respt.'s Ex. 118 at 4.) The PCR court denied Petitioner relief in a general judgment stating "Petitioner has failed to sustain his burden of proof." (Respt.'s Ex. 119.)

In the instant petition, Petitioner raises eight grounds for relief comprised of multiple sub-claims which can be summarized as follow:

    Ground One:    Insufficient Evidence and Actual Innocence

    Ground Two:    Trial While Incompetent

    Ground Three:  Violations of the Confrontation Clause
                         A)    inappropriate joinder
                         B)    redaction of J.H.'s note to L.T.
                         C)    exclusion of J.H.'s allegations of prior abuse by six other men

4 - OPINION AND ORDER

```
              D)   deprived of notice of time and dates of
                   alleged abuse of L.T.
              E)   L.T.'s changing story precluded defense
              F)   L.T. drugged during testimony
              G)   inappropriate expert testimony

Ground Four:  Deprivation of the Right To a Fundamentally
              Fair Trial and Sentencing Proceeding
              A)   inappropriate joinder
              B)   confrontation issues as outlined in
                   Ground Three
              C)   45-month consecutive sentencing

Ground Five:  Unconstitutional Sentencing Enhancement
              Procedure (Blakely claim)

Ground Six:   Ineffective Assistance of Trial Counsel
              A)   failed to properly prepare for trial;
                   insufficient investigation and discovery
              B)   failed to ensure Petitioner was competent
                   to stand trial
              C)   failed to ensure fair and impartial trial
              D)   failed to successfully present a victim's
                   allegations of prior abuse
              E)   failed to protect Petitioner's right to
                   confrontation as outlined in Ground Three
              F)   failed to sufficiently challenge expert
                   witness
              G)   failed to adequately cross-examine L.T.
              H)   failed to call other available witnesses
              I)   failed to prepare Petitioner to testify
                   and failed to object to Prosecution's
                   questioning
              J)   failed to ensure jury received proper
                   instructions
              K)   failed to object to unconstitutional
                   sentencing, as outlined in Ground 5

Ground Seven: Prosecutorial Misconduct

Ground Eight: Ineffective Assistance of Appellate
              Counsel
              A)   failed to keep Petitioner informed or
                   allow him access to his file
              B)   failed to adequately consult with
                   Petitioner
              C)   failed to raise and preserve numerous
                   claims of trial court error (4 instances)
```

5 - OPINION AND ORDER

(First Amended Petition, #8, at 4-16.) Respondent asserts the defense of procedural default to all but Ground Five and Six(K) because Petitioner failed to exhaust state remedies and the time for doing so has passed. (Respt.'s Response, #24, at 1.)[2]

## DISCUSSION

I.  Exhaustion and Procedural Default

Generally, a state prisoner must exhaust all available state court remedies either on direct appeal or through collateral proceedings before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1). A state prisoner satisfies the exhaustion requirement by fairly presenting his claim to the appropriate state courts at all appellate stages afforded under state law. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Casey v. Moore*, 386 F.3d 896, 915-16 (9th Cir. 2004), *cert. denied*, 125 S.Ct. 2975 (2005). To be fairly presented, the proper factual and legal basis for the claim must be presented to the state court. *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005); *Weaver v. Thompson*, 197 F.3d 359, 364 (9th Cir. 1999). In Oregon, the Oregon Supreme Court is the highest state court with jurisdiction to hear post-conviction claims in satisfaction of the exhaustion requirement. *See* Or. Rev. Stat. 138.650 (2005).

---

[2]Respondent refers to Ground Six(K) as "6.16".

6 - OPINION AND ORDER

When a state prisoner fails to exhaust his federal claims in state court and the state court would now find the claims barred under applicable state rules, the federal claims are procedurally defaulted. *Casey*, 386 F.3d at 920; *see also Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). Federal habeas review of procedurally defaulted claims is precluded unless the prisoner can show both "cause" for the procedural default and actual prejudice or unless the prisoner demonstrates that failure to consider the claims will result in a fundamental miscarriage of justice. *Edwards v. Carpenter,* 529 U.S. 446, 451 (2000); *Coleman*, 501 U.S. at 750.

Upon review of the record, the court finds the following claims to be procedurally defaulted because they were not raised to the Oregon Supreme Court as federal questions and the time for doing so has passed: Ground One (insufficient evidence); Ground Two; Ground Three (A), and (D-G); Ground Four (A-C); Ground Six (A-J); Ground Seven; and Ground Eight. *See* Or. Rev. Stat. § 19.255 and § 138.510(3).

With respect to Ground Three (B) and (C), Respondent acknowledges Petitioner referred to "the sixth amendment" once in the body his direct appeal briefs, but argues this was insufficient to fairly present the claim to the state courts.[3]  (Respt.'s

---

[3]Reference to the Sixth Amendment is found on page 40 of the appellate brief, and page 17 of the petition for review: "In the alternative ... then they, along with the prior abuse, constituted evidence of motive or bias and was otherwise

7 - OPINION AND ORDER

Response, #24, at 16.) Because Ground 3(B) and (C) fail on the merits, the court need not address the issue of exhaustion. *See* 28 U.S.C. § 2254(b)(2).

Citing 28 U.S.C. § 2254(b)(1)(B), Petitioner argues the procedural default of his claims should be excused because exhaustion is not required when "there is 'an absence of available State corrective process' or the processes which are available are 'ineffective to protect the right of' the petitioner." (Petr.'s Brief, #34, at 5.) Petitioner's reliance on § 2254(b)(1)(B) is misplaced.

When a state prisoner fails to exhaust his federal claims in state court and the state court would now find the claims barred under applicable state rules, the claims are technically exhausted. *Coleman*, 501 U.S. at 732; *Johnson v. Zenon,* 88 F.3d 828, 829 (9th Cir. 1996). When state-court remedies are "technically exhausted" they are also "procedurally defaulted" because the state court has not had an opportunity to hear the claims before the federal court considers them. *Coleman*, 501 U.S. at 735 n 1; *Casey*, 386 F.3d at 920-21. In the Ninth Circuit, § 2254(b)(1)(B) is irrelevant to and provides no excuse for the procedural default of state remedies. *Smith v. Baldwin*, 510 F.3d 1127, 1138-39 (9th Cir. 2007), *cert. denied*, 129 S. Ct. 37 (2008).

---

constitutionally required to be admitted under the confrontation and compulsory process clauses of both Article I, section 11 of the Oregon Constitution, and the sixth amendment." (Respt.'s Exs. 103 and 105.)

8 - OPINION AND ORDER

As noted previously, federal habeas review of procedurally defaulted claims is precluded unless Petitioner can show both cause for the default and actual prejudice, or demonstrates that failure to consider the claims will result in a fundamental miscarriage of justice. To show a fundamental miscarriage of justice resulting from a procedural default, a petitioner must establish factual innocence. *Schlup v. Delo,* 513 U.S. 298, 329 (1995); *Calderon v. Thomspon*, 523 U.S. 538, 559 (1998); *Wildman v. Johnson*, 261 F.3d 832, 842,43 (9th Cir. 2001). Petitioner does not argue cause and prejudice, but argues he is actually innocent sufficient to excuse his default.

<u>Actual Innocence</u>

A claim of actual innocence must be supported with "new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup*, 513 U.S. at 324. The required evidence must create a "colorable claim" of actual innocence, that the petitioner is innocent of the charge for which he is incarcerated, as opposed to legal innocence as a result of legal error. *See id.* at 321-22. It is not enough that the evidence show the existence of reasonable doubt, petitioner must show "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id*. at 329; *Van Buskirk v. Baldwin*, 265 F.3d 1080, 1084 (9th Cir. 2001) ("the test is whether, with the new evidence, it is more

9 - OPINION AND ORDER

likely than not that no reasonable juror would have found [petitioner] guilty"), *cert. denied*, 535 U.S. 950 (2002). The habeas court's determination regarding a petitioner's innocence is made "in light of all the evidence, including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongly excluded or to have become available only after the trial." *Schlup*, 513 U.S. at 328 (quoting 38 U.Chi.L.Rev. at 160).

Petitioner emphasizes L.T.'s affidavit dated September 6, 2004, recanting the accusations of abuse and alleging she was forced to testify, and submits the February, 2008, affidavit of the notary who notarized L.T.'s affidavit.[4] The notary attests to L.T. stating she had written the hand-written document herself, that she did not appear to be under the influence of drugs or alcohol when she presented the document, that she did not appear to be under duress or signing under any type of threat, and that she appeared to be aware of what she was doing. (Petr.'s Brief, #34, Att 1.) The court has reviewed the entire record and, in light of all the evidence, the newly presented evidence does not convince the court that no juror, acting reasonably, would have voted to convict him with the new evidence.

During the trial, the jury heard: (1) evidence of L.T.'s recantation to her mother, to Petitioner's parents, to her maternal

---

[4]The court notes L.T.'s affidavit was presented to the state courts during Petitioner's PCR proceedings.

10 - OPINION AND ORDER

grandmother, to the defense investigator multiple times, and to school friends (#27, Trial Tr. Vol. 2-4 at 248; 173; 279-281; 352-58, 362-64; 292, 305-06, 315); (2) L.T.'s testimony explaining the recantations, and detailing the sexual abuse in 1997, (*Id*. at 172-73; 167-170); (3) L.T.'s admission that she lied to her mother a lot, and the testimony of her mother, Petitioner, and three school friends regarding her untruthfulness, (*Id*. at 183; 237; 411; 294, 307, 317); (4) L.T.'s mother testifying L.T. had threatened to report her to Child Services, and had threatened to accuse Petitioner of sexual abuse (*Id*. at 241-42, 252); (5) Petitioner's denials of having abused L.T. or J.H., and his explanation for L.T.'s false accusations (*Id*. at 404, 412; 410-411); (5) L.T.'s primary therapist at Rosemont testifying regarding the frequency and reliability of recantations in her sexual abuse patients (*Id*. at 216-225); (6) tapes of L.T.'s and J.H.'s reports of abuse to their school's resource officer (*Id*. at 96); and (7) J.H. testifying Petitioner is uncircumcised, Petitioner testifying he was circumcised at birth, and a photograph showing he is circumcised. (*Id*. at 124; 398; 386-88.)

    The acquittals on Counts 1, 7 and 8, and the guilty verdicts on Counts 2 through 6 reflect the jury's weighing of the evidence presented. The jury observed the witnesses, including L.T. renewing her accusations of abuse and explaining her recantations under oath. L.T. explained that she and her mother fought about

11 - OPINION AND ORDER

the veracity of the accusations, that it made her sad that her mother did not believe her, and that she hoped everything would go back to normal. (#27, Trial Tr. Vol. 2 at 170-174; 206-07.) Even if the additional recantation is credible, a reasonable juror could conclude that L.T.'s trial testimony was truthful and her recantations before and after trial untruthful. *See Smith*, 510 F.3d at 1141-42 and n.11. When all the evidence is taken into account, this court is not convinced that no juror, acting reasonably, would vote to convict Petitioner with the additional recantation. Accordingly, Petitioner, has not passed the gateway for the miscarriage of justice exception to procedural default, and review of his defaulted claims is precluded.

II. The Merits

    A. Standards and Scope of Review

An application for writ of habeas corpus shall not be granted unless the adjudication in State court was:

> (1) contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254 (d). In *Williams v. Taylor*, 529 U.S. 362, 386-89 (2000), the Supreme Court construed this provision as requiring federal habeas courts to be highly deferential to the state court decisions under review.

12 - OPINION AND ORDER

"'Clearly established Federal law' is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lambert v. Blodgett*, 393 F.3d 943, 974 (9th Cir. 2004) *cert. denied*, 126 S. Ct. 484 (2005). A state court decision is "contrary to" clearly established Federal law if it is "in conflict with", "opposite to" or "diametrically different from" Supreme Court precedent. *Williams,* 529 U.S. at 388.

An "unreasonable application" of clearly established federal law occurs when "the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Lambert*, 393 F.3d at 974 (citing *Williams*). "The state court's application of . . . law must be *objectively unreasonable*." *Williams*, 529 U.S. at 411 (emphasis added). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state court decision applied clearly established federal law erroneously or incorrectly." *Id*.

The last reasoned decision by the state court is the basis for review by the federal court. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991); *Franklin v. Johnson*, 290 F.3d 1223, 1233 n.3 (9th Cir. 2002). The absence of a reasoned opinion on direct appeal and the limited rational supporting the PCR trial court's decision to deny relief requires this court to conduct an independent review of

the record. Nevertheless, the court gives deference to the ultimate decisions of the state courts. *Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2002) citing *Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir. 2000).

B. <u>Ground One: Actual Innocence</u>

Petitioner is understood to make a freestanding claim of innocence in addition to his argument of innocence to trigger the miscarriage of justice exception to procedural default. In a freestanding claim of innocence, affirmative proof of innocence is required "because when a petitioner makes a freestanding claim of innocence, he is claiming that he is entitled to relief despite a constitutionally valid conviction." *Carriger v. Stewart*, 132 F.3d 463, 477 (9th Cir. 1997) (interpreting *Herrera v. Collins*, 506 U.S. 390, 417 (1993)(required threshold showing would be extraordinarily high)). Petitioner argues there was insufficient evidence to convict him, but this is not affirmative proof of his innocence. *See id*. at 476. Nor is L.T.'s affidavit affirmative proof of his innocence in light of her history of recantations and her testimony, under oath, asserting she had been abused and admitting there was an issue with her being untruthful. Accordingly, Petitioner is not entitled to relief on this claim.

C. <u>Ground Three (B) and (C)</u>

Petitioner alleges the redaction of J.H.'s note to L.T. (Ground Three (B)) and the exclusion of J.H.'s claims of having previously being sexually abused 21 times by six different men

14 - OPINION AND ORDER

(Ground Three (C)) violated the Sixth Amendment Confrontation Clause. At trial, counsel argued "the evidence was relevant to whether [J.H.] was biased and/or hypersensitive to perceived sexual molestation, and also to address [J.H.'s] direct claims of sexual abuse because [she] was unable to correctly state whether [Petitioner] was circumcised or not, even though she claimed to have seen him naked." (Petr.'s Brief, #34, at 11.) Petitioner contends the trial court "simply imposed a *per se* exclusionary rule" without considering Petitioner's rights to confront the evidence. (*Id*. at 12.)

The Sixth Amendment of the United States Constitution specifies that a defendant has a right "to be confronted with the witnesses against him[,]" which includes the right to reasonable cross-examination. *Davis v. Alaska*, 415 U.S. 308, 315-16 (1974). However, the rights under the Confrontation Clause are not absolute. *Michigan v. Lucas*, 500 U.S. 145, 149 (1991) (presentation of relevant testimony may be limited by other legitimate interests); *Coy v. Iowa*, 487 U.S. 1012, 1021 (1988) (rights under Confrontation Clause may give way to other important interests). "A state passing a rape-shield law makes a valid legislative determination that rape victims deserve heightened protection against surprise, harassment, and unnecessary invasions of privacy." *Anderson v. Morrow*, 371 F.3d 1027, 1030 (9th Cir. 2004) (internal quotations and citation omitted).

Oregon's rape shield law governs the admissibility of evidence in the prosecution of a broad spectrum of sexual offenses, including those at issue in Petitioner's trial. *See* Or. Rev. Stat. § 40.210 (also known as Rule 412). The record shows that during both pre-trial motions and during the trial in response to objections, the trial court heard arguments regarding the admissibility, under Rule 412, of J.H.'s note to L.T., and her claims of having previously been abused. (#27, Trial Tr. Vol. 1-2 at 3-38; 130-145.) Trial counsel argued the evidence was necessary to establish state of mind, and to confront and cross-examine J.H. The State identified relevant case law to support exclusion of the evidence, which the trial court reviewed. The trial court reserved ruling on the disputed evidence until testimony was underway, allowing the court to evaluate the admissibility of the evidence in context. (*Id*. at 23-28.) The trial court also granted defense counsel's requests to make an offer of proof on evidence excluded by the court. (*Id*. at 130-138.) Petitioner has not met his burden of showing this court that the trial court's determinations limiting the evidence violated Petitioner's rights under the Confrontation Clause or were contrary to or an unreasonable application of clearly established federal law. Accordingly, habeas relief is precluded.

D. Ground Five: *Blakely* Claim

Petitioner argues it was a violation of *Apprendi v. New Jersey*, 503 U.S. 466 (2000) and *Blakely* for the state court to

16 - OPINION AND ORDER

impose a consecutive sentence on findings of fact made by the court rather than by the jury. Petitioner's claim fails on the merits because the rules announced in *Apprendi* and *Blakely* do not apply retroactively on collateral review. *See Schardt v. Payne*, 414 F.3d 1025, 1038 (9th Cir. 2005). Moreover, while this case was under advisement, the Supreme Court upheld the constitutionality of Oregon's statute delegating fact-finding for consecutive sentencing to judges in an *Apprendi/Blakely* challenge. *Oregon v. Ice*, 129 S.Ct. 711 (2009). Accordingly, the state court's rejection of this ground for relief is neither contrary to, nor an unreasonable application of, clearly established federal law.

E.  <u>Ground Six(K):  Ineffectiveness of Counsel</u>

Petitioner alleges he received ineffective assistance of counsel when counsel failed to object to the consecutive sentence imposed on Count 6. The principles articulated in *Strickland v. Washington*, 466 U.S. 668 (1984), govern claims of ineffective assistance of counsel. For habeas relief to be granted, Petitioner must show the state PCR court adjudication of his claims was contrary to or an unreasonable application of *Strickland*. The court finds he has not done so.

Under *Strickland*, a petitioner must prove that counsel's performance fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been

17 - OPINION AND ORDER

different. *Bell v. Cone*, 535 U.S. 685, 695 (2002); *Williams*, 529 U.S. at 390-91; *Strickland*, 466 U.S. at 687-88. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694.

In the PCR proceedings, Petitioner argued the consecutive sentencing imposed on Count 6 was unconstitutional under *Apprendi* and *Blakely*, and that counsel's representation was deficient for failing to object to an unconstitutional sentence. The PCR trial court issued a general judgment finding Petitioner failed to sustain his burden of proof.

As noted in discussing Ground Five, the Supreme Court recently held Oregon's consecutive sentencing does not violate the Sixth Amendment as construed in *Apprendi* and *Blakely*. Accordingly, it was neither contrary to nor an unreasonable application of established Federal law for the PCR trial court to deny Petitioner relief on this claim.

    F.  <u>Request for Evidentiary hearing</u>

Petitioner contends "there is additional available evidence in support of his claim[s], and requests the right to present such evidence at a hearing after appropriate investigation and discovery." (Petition, #8, at 5, 14.)  Petitioner's request for a  hearing is denied on the basis that Petitioner has not established that an evidentiary hearing would produce evidence more reliable or more probative than the affidavits presented. *See*

18 - OPINION AND ORDER

*Griffin v. Johnson*, 350 F.3d 956, 966 (9th Cir. 2003), *cert. denied*, 541 U.S. 998 (2004).

## **CONCLUSION**

Based on the foregoing, Petitioner's amended writ of habeas corpus, #8, is DENIED and this proceeding dismissed with prejudice.

IT IS SO ORDERED.

DATED this ___5th___ day of March, 2009.

                                          /s/ Garr M. King
                                          Garr M. King
                                          United States District Judge